# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOTERO SOTO,<br><br>        Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Respondent. | 1:08-cv-1677-LJO-TAG HC<br><br>ORDER REQUIRING PETITIONER TO SUBMIT AMENDED PETITION WITHIN THIRTY DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO SENT PETITIONER NEW HABEAS CORPUS FORM PETITION |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      On November 3, 2008, Petitioner filed the instant petition for writ of habeas corpus. Petitioner sets forth the following grounds for relief: (1) "The trial court abused its discretion in denying the defendant's motion to withdraw his no contest pleas; the judgment should be reversed and the case remanded with an order that the motion be granted and that the case be re-set for trial"; (2) "A component of the sentence exceeded the maximum term the law allows for the admission underlying that component, and therefore the sentence must be reduced"; and (3) "The calculation of appellant's pre-judgment time credits was incorrect, and the court should order issuance of a new abstract of judgment with the correct figure." (Doc. 1).

## DISCUSSION

      Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it

plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### A.      Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing § 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claims in state court resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Federal habeas review is limited to claims that are set out as described above.

In this case, Petitioner fails to allege a violation of the Constitution in any of his three grounds for relief. In Ground One, Petitioner alleges that the state trial court abused its discretion in denying his motion to withdraw his no contest plea. Petitioner cites only state law for the proposition that the trial judge abused his discretion; he does not allege a violation of the United States Constitution. In Ground Two, Petitioner alleges that the sentence imposed exceeded the maximum term permitted by California law. Again, Petitioner cites no violation of the federal constitution, but merely violations of state law. In Ground Three, Petitioner alleges

an incorrect calculation of Petitioner's pre-judgment credits under California law. As before, Petitioner cites no federal authority and alleges no constitutional violation.

"[T]he availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990)(quoting Dugger v. Adams, 489 U.S. 401, 409 (1989)). Grounds One, Two and Three do not "call into question the lawfulness of conviction or confinement." Heck v. Humphrey, 512 U.S. 477, 481 (1994). Furthermore, Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254. This is a prerequisite for federal habeas relief. Id.

Thus, it appears that Petitioner wishes this Court to review the state court proceedings to determine whether the state courts properly applied their own state laws. This the Court cannot do. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.").

However, the Court will grant Petitioner leave to file an amended petition alleging only claims involving violations of federal constitutional law.[1]

**B.     Failure to Name a Proper Respondent**

In this case, Petitioner has named the "People of the State of California" as Respondent in this case. This is improper.

---

[1] The Court reminds Petitioner that any claims raised in an amended petition must first be fully exhausted in state court. A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). Thus, all claims raised in any amended petition must first have been presented to the California Supreme Court.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

Here, Petitioner has named as Respondent the "People of the State of California." However, the People of the State of California is not the warden of the institution where Petitioner is confined, or the person having day-to-day control over Petitioner. Petitioner is presently incarcerated at the Correctional Training Facility, Soledad, California. The current warden of that facility is Ben Curry. Ben Curry is the proper respondent in this action.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). However, the Court will give Petitioner the opportunity to cure his defect by naming the proper respondent in his amended petition. See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), vacated in part on other grounds, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).

**ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. Petitioner is ordered to file an Amended Petition within thirty (30) days of the date of service of this order. In that Amended Petition, Petitioner must allege a

4

1 constitutional violation with respect to all claims asserted in the amended petition. Petitioner is advised that the document should be entitled "Amended Petition for Writ of Habeas Corpus." Petitioner is advised that the petition must set forth all of the claims, including all the facts and arguments in support of those claims. Petitioner must allege constitutional violations which are cognizable on federal habeas review.  Finally, Petitioner must name a proper respondent in the Amended Petition; and

2. The Clerk of Court is DIRECTED to send Petitioner forms for filing a petition for writ of habeas corpus.

Petitioner is forewarned that failure to follow this order will result in a recommendation that the petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:  **November 25, 2008**               /s/ Theresa A. Goldner
                                    UNITED STATES MAGISTRATE JUDGE